UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY-ELIZABETH JOHNSON,<br><br>                            Plaintiff,<br>v.<br>ATHENIX PHYSICIANS GROUP, INC. ET AL.,<br><br>                            Defendants. | Case No.: 3:19-cv-01888-AJB-MDD<br><br>**ORDER:**<br><br>**(1) DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND, (Doc. No. 1);**<br><br>**(2) DENYING AS MOOT PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, (Doc. No. 2); AND**<br><br>**(3) DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL, (Doc. No. 3)** |

      Pro se Plaintiff Mary-Elizabeth Johnson ("Plaintiff") filed a Complaint against various state court judges, attorneys, and medical professionals, alleging fraud on the court. (Doc. No. 1.) Plaintiff has not paid the filing fee required to commence this action, but instead has filed a Motion to Proceed In Forma Pauperis ("IFP") and a Motion to Appoint Counsel. (Doc. Nos. 2–3.) For the reasons set forth below, the Court **DISMISSES**

1

Plaintiff's Complaint **WITH LEAVE TO AMEND** and **DENIES AS MOOT** Plaintiff's motion to proceed IFP and motion to appoint counsel.

**I.    SCREENING UNDER 28 U.S.C. § 1915(e)**

Under 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own motion to dismiss before the complaint is served. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, the Court "may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts . . . ." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (internal quotation omitted).

Additionally, pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" because pro se litigants are more prone to making errors in pleading than litigants represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted); *see Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987),

*superseded by statute on other grounds*; *Lopez*, 203 F.3d at 1126–30 (9th Cir. 2000). Thus, the Supreme Court has stated that federal courts should liberally construe the "'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)); *see, e.g.*, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (reasoning that pro se pleadings are liberally construed).

## II. DISCUSSION

Plaintiff brings this action against various state court judges, attorneys, and medical professionals, alleging fraud on the state court. (Complaint ("Compl."), Doc. No. 1.) As background, Plaintiff alleges that on January 15, 2016, Plaintiff suffered irreversible injury from "what should have been a simple Tummy Tuck." (*Id.* at 1–2.) According to Plaintiff, the surgeon who operated on Plaintiff was not properly board-certified and therefore, caused injury to Plaintiff, including lymphedema and disfigurement. (*Id.*) On April 7, 2017, Plaintiff filed a medical malpractice lawsuit in the Superior Court of California, County of Orange. (*Id.* at 2.) Plaintiff's case proceeded to trial on July 23, 2018, and resulted in a judgment of nonsuit against Plaintiff for failing to offer sufficient evidence to prove the elements of breach and causation. (*Id.*) Plaintiff now seeks to have her state court judgment vacated and set for a new trial, or alternatively for the state court judgment to be rendered in her favor. (*Id.* at 42.) As the basis for her federal action, Plaintiff alleges Defendants committed fraud on the state court, and she is entitled to relief under Federal Rule of Civil Procedure 60(d).

As a preliminary matter, district courts lack subject matter jurisdiction to review appeals from state court judgments. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983). Accordingly, lower federal courts cannot adjudicate actions brought by "state-court losers" seeking relief from "state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobile Corp. v. Saudi Basic Industries, Corp.*, 544 U.S. 280, 284 (2005)). The *Rooker-Feldman* doctrine precludes a federal

district court from exercising jurisdiction over general constitutional challenges that are "inextricably intertwined" with claims asserted in state court. *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (quoting *Feldman*, 460 U.S. at 486 n.16). "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

### A. Claims Against the State Court Judges

First, Plaintiff's claims against County of Orange Superior Court Judges Theodore Howard and Craig Griffin must fail because they are barred by the *Rooker-Feldman* doctrine. Plaintiff's Complaint thoroughly details what Plaintiff believes to be various legal errors committed by the state court judges. (Compl. at 18–24.) For example, Plaintiff claims Judge Theodore Howard "would not grant [Plaintiff's] motion for [a] continuance to get an attorney" or "reopen discovery" to allow Plaintiff to obtain an expert witness. (*Id.* at 19.) Plaintiff also claims Judge Craig Griffin played a part in withholding medical records, and only allowed falsified records at trial. (*Id.* at 24.) It is clear from the Complaint that Plaintiff's grievances against the state court judges are essentially an attack on the state court judgment itself. Because the Court would have to hold that both Judges Howard and Griffin were "wrong in order to find in favor of the plaintiff," the Court concludes that the issues presented in this Court are "inextricably intertwined" with the issues in state court and precluded by the *Rooker-Feldman* doctrine. *See Napolitano*, 252 F.3d at 1030.

Additionally, it is well-settled that "[j]udges are immune from suit arising out of their judicial acts, without regard to the motives with which their judicial acts are performed, and notwithstanding such acts may have been performed in excess of jurisdiction, provided there was not a clear absence of all jurisdiction over the subject matter." *Sires v. Cole*, 320 F.2d 877, 879 (9th Cir. 1963); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (explaining that a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority). Here, Plaintiff's allegations against the state court judges reads like an appeal of the state

court proceedings. It is therefore apparent to the Court that all accusations against Judges Howard and Griffin arise out their judicial acts while presiding over Plaintiff's case in state court.

Thus, Plaintiff's claims against the defendant judges must be dismissed under either judicial immunity or the *Rooker-Feldman* doctrine.

### B. Claims Against the Attorney and Medical Professional Defendants

Secondly, Plaintiff's allegations against the attorney and medical professional defendants lack facts suggesting fraud on the court. Plaintiff argues that the medical professional defendants knowingly provided falsified medical records to the state court, and the attorney defendants were also complicit because they filed "declarations to its authenticity." (Compl. at 27–28.) Furthermore, Plaintiff also complains that attorney defendants Mark Poliquin and Elizabeth Flatley filed their first motion for summary judgment before receiving Plaintiff's medical records, and only used falsified medical documents to support their defense. (*Id.* at 33–34.)

Ninth Circuit authority provides that the *Rooker-Feldman* doctrine does not apply when federal plaintiffs claim that defendants obtained the judgments in the state actions through extrinsic fraud. In *Kougasian*, the plaintiff filed state and federal actions based on her husband's death in a skiing accident. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004). In her federal action based on diversity jurisdiction, she sought to set aside the judgments in her two state cases, alleging that they were procured through extrinsic fraud on the court. *Id.* at 1139. The plaintiff claimed that, in the first state case, defendants committed extrinsic fraud by filing a perjured declaration at the last minute and refusing to provide the declarant's address or telephone number, thus preventing the plaintiff from deposing or questioning the declarant. *Id.* at 1139–40. The Ninth Circuit held that the *Rooker–Feldman* doctrine did not apply to the plaintiff's claims that were based on the alleged extrinsic fraud, because the *Rooker–Feldman* doctrine "does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud." *Id.* at 1140–41.

Extrinsic fraud on a court is, by definition, not an error by that court. *Id.* at 1141. It is, rather, a wrongful act committed by the party or parties who engaged in the fraud. *Id.*

Here, Plaintiff's medical malpractice case in state court resulted in a judgment of nonsuit because Plaintiff failed to provide sufficient evidence to support the elements of breach and causation. (Doc. No. 1-14 at 4.) But notably lacking from Plaintiff's Complaint are allegations that the extrinsic fraud perpetrated by Defendants resulted in Plaintiff being unable to present her case. To the contrary, Plaintiff's accusations against Defendants center around Defendants supposedly falsifying medical records for their own defense. (*See, e.g.*, Compl. at 27.) Unlike the plaintiff in *Kougasian*, Plaintiff here does not allege that the falsified medical records somehow prevented Plaintiff from being able to put forward evidence at trial. Indeed, "these actions would have merely weakened Plaintiff's case, rather than prevented [Plaintiff] 'from getting into court at all.'" *Lewis v. L.A. Metro. Transit Auth.*, No. CV191456PSGJPRX, 2019 WL 6448944, at *4 (C.D. Cal. Sept. 10, 2019). Until Plaintiff can cure these deficiencies, and provide details as to how Defendants' actions prohibited Plaintiff from offering evidence at trial, Plaintiff's claim for relief against the attorney and medical professional defendants must be dismissed.

### C. Subject Matter Jurisdiction

Additionally, missing from Plaintiff's Complaint is an adequate statement demonstrating that this Court has subject matter jurisdiction over Plaintiff's suit. Even if Plaintiff can allege a claim for extrinsic fraud, an independent basis of jurisdiction must still exist. *See, e.g., Kougasian*, 359 F.3d at 1136 (noting that a plaintiff may bring a federal action to vacate state court judgment for extrinsic fraud without running afoul of *Rooker-Feldman*, but expressly stating that the instant case was a diversity action). Although Plaintiff asserts federal question jurisdiction as a basis for subject matter jurisdiction, the Court does not find that "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005).

Alternatively, pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases where the matter in controversy exceeds
6

3:19-cv-01888-AJB-MDD

$75,000 and where there exists complete diversity between the parties. Complete diversity means the parties must be "citizens of different States." 28 U.S.C. § 1332(a)(1). At this time, the Court is not provided with enough information regarding the parties' citizenship to determine whether it may exercise diversity jurisdiction over Plaintiff's case.

## III. LEAVE TO AMEND

Leave to amend should be granted if it appears possible that the plaintiff can correct the complaint's deficiency. Fed. R. Civ. P. 15(a); *Balistreri*, 901 F.2d at 701. The "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to make errors in pleading than the person who benefits from the representation of counsel." *Noll*, 809 F.2d at 1448; *see Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013); *see also Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) ("Generally a district court errs in dismissing a pro se complaint for failure to state a claim . . . without giving the plaintiff an opportunity to amend."). Therefore, the Court **GRANTS** Plaintiff leave to amend her complaint. Plaintiff, however, must cure the deficiencies as instructed by the Court herein. Failure to add proper defendants, failure to allege proper subject matter jurisdiction, or failure to state a short and plain statement of the facts and a claim for relief under Fed. R. Civ. P. 8(a) may result in dismissal of her case with prejudice.

## IV. CONCLUSION

For the reasons stated herein, the Court **DISMISSES** Plaintiff's Complaint with **LEAVE TO AMEND**, (Doc. No. 1). Because Plaintiff's Complaint is dismissed, the Court **DENIES AS MOOT** Plaintiff's IFP motion, (Doc. No. 2), and **DENIES AS MOOT**

///
///
///
///
///
///

7

Plaintiff's motion for appointment of counsel, (Doc. No. 3.) Plaintiff must file both (1) <u>a renewed IFP motion</u>, and (2) <u>an amended complaint</u> by **February 10, 2020**, or risk having her case dismissed with prejudice for failure to prosecute.

**IT IS SO ORDERED.**

Dated: January 10, 2020

*/s/ Battaglia*
Hon. Anthony J. Battaglia
United States District Judge