UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY-ELIZABETH JOHNSON,<br>　　　　　　　　　　Plaintiff,<br>v.<br>ATHENIX PHYSICIANS GROUP, INC., corporation owner JAMES L. HAEFNER; DAVID FELLOWS, M.D., individual; MARK POLIQUIN, ESQ, individual; ELIZABETH FLATLEY, ESQ., individual; TREVOR LOO, ESQ., individual; AHSAN RASHID, M.D., dba INTERNAL MEDICINE OF SAND CANYON, individual; HOAG MEMORIAL PRESBYTERIAN HOSPITAL, corporation rep LISA BYNUM,<br>　　　　　　　　　　Defendants. | Case No.: 19-CV-01888-AJB-MDD<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>**(Doc. Nos. 26, 31, 34–35, 39.)** |

Before the Court are Defendants Ahsan Rashid, M.D., Elizabeth Flatley, James M. Haefner, Mark Poliquin, Hoag Memorial Presbyterian Hospital, Trevor Loo, and Lisa Bynum's motions to dismiss pro se Plaintiff Mary-Elizabeth Johnson's ("Plaintiff") Second Amended Complaint ("SAC"). (Doc. Nos. 26, 31, 34–35, 39.) Plaintiff has not filed an opposition brief. For the reasons set forth below, the Court **GRANTS** the motions, and Plaintiff's SAC is **DISMISSED WITHOUT LEAVE TO AMEND**.

**I.   BACKGROUND**

Plaintiff alleges that on January 15, 2016, Plaintiff suffered irreversible injury from a "Tummy Tuck" procedure that allegedly resulted in lymphedema and disfigurement. On April 7, 2017, Plaintiff filed a medical malpractice lawsuit in the Superior Court of California, County of Orange. Plaintiff's case proceeded to trial on July 23, 2018 and resulted in a judgment of nonsuit against Plaintiff for failing to offer sufficient evidence to prove the elements of breach and causation. On October 1, 2019, Plaintiff filed the instant action for fraud on the court and filed a motion to proceed in forma pauperis ("IFP"). (Doc. Nos. 1, 2.)

On January 10, 2020, the Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed Plaintiff's Complaint with leave to amend. (Doc. No. 6.) The Court found that the Complaint did not provide an adequate statement demonstrating the Court's subject matter jurisdiction and noted that district courts lack subject matter jurisdiction to review appeals from state court judgments. (*Id.*) The Court also stated that because Plaintiff was not prevented from offering evidence in her state court trial, the Complaint did not allege extrinsic fraud against the medical malpractice defendants. (*Id.* at 6.)

On February 20, 2020, Plaintiff filed her First Amended Complaint ("FAC") for Fraud on the Court under Federal Rule of Civil Procedure 60(d)(3), and a second motion for leave to proceed IFP. (Doc. Nos. 8, 10.) The FAC alleged that "a trial was used to perpetrate a fraud," that the parties "intentionally prevented Plaintiff's Medical Facts, records and testimony, that support her cause of actions." (Doc. No. 8 at 2.) The FAC also

alleged that "[s]ettlement should have occurred, instead the acts of Trial occurring is the Fraud relieving the Defendant of all financial responsibility deceiving the court that a Trial actually occurred despite preventing Plaintiffs medical evidence, jury dismissed an judge rule." (*Id.* at 4.)

On February 21, 2020, Plaintiff filed an ex parte motion for leave to file a SAC, which was granted on March 16, 2020. (Doc. No. 13, 14.) The SAC was filed this same day. (Doc. No. 15.) On May 12, 2020, Plaintiff abandoned her IFP application, and paid her filing fee. Subsequently, each Defendant filed a motion to dismiss Plaintiff's SAC based on failure to state a claim, and for lack of jurisdiction. Plaintiff did not oppose these motions. This order follows.

## II.     DISCUSSION

### A.     Federal Rule of Civil Procedure 12(b)(1) Motion to Dismiss

#### 1.     Legal Standard

A suit may be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure where there is a "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for 'federal-question' jurisdiction, § 1332 for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); 28 U.S.C. §§ 1331–1332. "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $ 75,000." *Arbaugh*, 546 U.S. at 513 (citing 28 U.S.C. §§ 1331–1332). The party which invokes jurisdiction bears the burden of demonstrating its existence. *See Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994).

Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" because pro se litigants are more prone to making errors in pleading than litigants represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal

quotations omitted). Thus, the Supreme Court has stated that federal courts should liberally construe the "'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)); *see, e.g., Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (reasoning that pro se pleadings are liberally construed).

### 2. Discussion

All Defendants move to dismiss on the ground that this Court lacks subject matter jurisdiction to hear this matter. In the Court's previous order, the Court noted that "missing from Plaintiff's Complaint is an adequate statement demonstrating that this Court has subject matter jurisdiction over Plaintiff's suit." (Doc. No. 6 at 6.) The Court first held that although Plaintiff asserts federal question jurisdiction as a basis for subject matter jurisdiction, the Court does not find that "a federal question is presented on the face of the plaintiff's properly pleaded complaint." (*Id.* (quoting *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005).) Second, the Court also noted that it had not been provided with enough information regarding the parties' citizenship to determine whether it may exercise diversity jurisdiction over Plaintiff's case. (Doc. No. 6 at 7.)

Review of the SAC demonstrates the Court lacks subject matter jurisdiction over this suit. Plaintiff's SAC confirms that there is no diversity jurisdiction, as all parties are alleged to be residents of California. (Doc. No. 15 at 9–11.) Furthermore, there is no federal question presented because Plaintiff's fraud claim is a state law cause of action, even though it is being asserted through a Federal Rule of Civil Procedure. *See Shalaby v. Bernzomatic*, 281 F.R.D. 565, 573 (S.D. Cal. 2012), aff'd 584 Fed. App'x. 419 (9th Cir. 2014) ("[A] federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action" even though the pleading requirements of Federal Rule of Civil Procedure 9 apply). Federal question jurisdiction is not conferred upon this Court simply because Plaintiff drew reference and cited to Federal Rule of Civil Procedure 60(b)(3). Even more, Federal Rule of Civil Procedure 60(b)(3) provides no private right upon which Plaintiff may sue.

Despite liberally construing Plaintiff's pleading and providing Plaintiff multiple opportunities to establish subject matter jurisdiction, it is clear Plaintiff cannot meet her burden. Defendants' motions to dismiss the SAC on this basis is **GRANTED**.[1]

### III. CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Defendants Ahsan Rashid, M.D., Elizabeth Flatley, James M. Haefner, Mark Poliquin, Hoag Memorial Presbyterian Hospital, Trevor Loo, and Lisa Bynum's motions to dismiss the SAC. (Doc. Nos. 26, 31, 34–35, 39.) Plaintiff has been provided with ample attempts to allege subject matter jurisdiction. She has not done so. Another attempt would be futile, and therefore, the Court dismisses the entire action **WITHOUT LEAVE TO AMEND**. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is proper if amendment would be futile). The Clerk of Court is **DIRECTED** to **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

Dated: February 12, 2021

Hon. Anthony J. Battaglia
United States District Judge

---

[1] Even if the Court somehow had jurisdiction over Plaintiff's action, the SAC contains several other defects fatal to Plaintiff's claim, including:
    (1) Plaintiff has still not offered any allegations that the actions of Defendants Dr. Rashid, Athenix Physicians Group, Inc., Elizabeth Flatley, James M. Haefner, or Mark Poliquin prohibited Plaintiff from offering evidence during the July 2018 trial;
    (2) Defendants Hoag Hospital and Defendant Bynum were never parties to the underlying state lawsuit, and thus, was never in a position to influence the state court in any way or to offer falsified material into evidence; and
    (3) Defendant Loo has never represented Plaintiff in the underlying state court trial.